## REED WAREHOUSES, INC v SHELLY

Ohio Appeals, 9th Dist, Wayne Co

No 941.  Decided Oct 17, 1935

H. R. Smith, Wooster, for plaintiff in error.

Critchfield. Critchfield & Critchfield, Wooster, for defendant in error.

**OPINION**

By STEVENS, J.

The first error claimed by defendant is the sustaining of a demurrer to the fourth defense set out in the answer. That defense attempted to plead a bar to plaintiff's action because of a claimed election by plaintiff to proceed under the Workmen's Compensation Act.

This record discloses, through the testimony of Glenn D. Reed, that defendant company had only two employees in its employ on the date of plaintiff's injury, and hence, under the provisions of §1465-60, GC, of the Workmen's Compensation Act, defendant was not amenable to the provisions of said act, and an attempt to secure an award from the commission under such circumstances did not constitute an election by plaintiff which would be a bar to the later institution of a suit for damages, for the reason that, under the facts shown herein, there never existed in plaintiff a right to recover under the provisions of the Workmen's Compensation Act, and there was accordingly no basis for an election of remedies. The demurrer was correctly sustained.

We find no prejudicial error in the admission or rejection of evidence.

On the question of negligence, contributory negligence and sole negligence, we find that those issues were submitted to the jury under proper instructions, and that no error intervened therein.

Complaint is made of the refusal of the court to give defendant's special requests before argument. All of those requests were presented upon the same sheet of paper, without any request that they be given separately, and not as a series.

In 39 O. Jur., "Trial," §323, p. 1047, it is said:

"If a party requests a series of charges * * * it is the duty of the court to consider each separate charge, and it may refuse to give the entire series if some or any one of the requests submitted is improper, although others are proper * * *."

Regardless of said rule, however, we are of the opinion that none of said requested charges stated accurate propositions of law applicable to the facts shown by the record herein; and they were accordingly properly refused by the trial court.

Examination of the general charge of the court convinces this court that the charge is not properly subject to the complaint made of it—i.e., that it did not define the issues, and that it incorrectly stated the rule as to the burden of proof.

We are of the opinion that the verdict is supported by the evidence, and the judgment will accordingly be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.